IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO,<br><br>      Plaintiff,<br><br>  v.<br><br>JERRY BROWN, Governor, C. LUSCH, Hospital Director,<br><br>      Defendants.<br>                                  / | No. C 11-01900 CW (PR)<br><br>ORDER OF DISMISSAL; DIRECTING COURT'S FINANCIAL OFFICE TO REFUND FILING FEE TO PLAINTIFF; TERMINATING ALL PENDING MOTIONS |

    Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison, has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983.  He has paid the $350.00 filing fee.  Plaintiff's complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

BACKGROUND

    In his complaint and other papers filed in the instant matter, Plaintiff alleges that he is unlawfully confined in state prison.  Specifically, Plaintiff alleges that following the expiration of his prison sentence in February 2009, the State of California has refused to release him, and he currently is being held against his will in the prison hospital at Salinas Valley State Prison.  Plaintiff seeks injunctive relief in the form of immediate release from prison.

DISCUSSION

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable

claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's allegations do not state a claim for relief under § 1983. Specifically, Plaintiff's request that the Court compel state officials to release him from prison is not cognizable in a civil rights action because the request is premised upon a challenge to the fact or duration of Plaintiff's confinement. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Thus, to the extent a prisoner maintains he is entitled to "immediate or speedier release" from confinement, such a claim may be asserted only in a petition for a writ of habeas corpus. See Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011)(internal

2

citation and quotation omitted).

Here, Plaintiff has filed a civil rights complaint but he seeks relief that can be granted only by way of habeas corpus. A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, the instant action is hereby DISMISSED without prejudice to Plaintiff's filing a federal habeas petition challenging the validity of his confinement once he has exhausted state remedies as to all claims he seeks to raise in federal court.[1]

Because the Court has determined that the instant complaint cannot proceed as a civil rights action but, instead, must be dismissed because Plaintiff seeks habeas corpus relief, the court's Financial Office is hereby DIRECTED to refund to Plaintiff the $350.00 filing fee paid by Plaintiff in this matter.

The Clerk of the Court shall enter judgment, close the file, and terminate any pending motions.

IT IS SO ORDERED.

Dated: 6/10/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

[1] Individuals in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c)); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).